# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00713-CV

## W. C. and Z. B., Appellants

### v.

## Texas Department of Family and Protective Services, Appellee

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-003971, THE HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellants W.C. and Z.B. filed their notices of appeal on October 7, 2019, and October 2, 2019, respectively. The appellate record was complete on October 29, 2019, making appellants' briefs due on November 18, 2019. On November 25, 2019, we ordered appellants' attorneys, Lindsey Dionne and Robert Galvin, to file appellants' briefs no later than December 11, 2019. On December 10, 2019, Dionne informed the Court that she had filed a motion to withdraw in the trial court after serving as W.C.'s trial counsel, but that no appellate counsel had been appointed by the trial court. She has identified an attorney who is willing to be substituted in as appellate counsel, but she has requested additional time for the trial court to appoint appellate counsel and for new counsel to file appellant W.C.'s brief.

The rules of judicial administration accelerate the final disposition of appeals from suits for termination of parental rights. *See* Tex. R. Jud. Admin. 6.2(a) (providing 180 days for court's final disposition). The accelerated schedule constrains this Court's leeway in granting extensions. In this instance, we will abate the case for 10 days for the trial court to appoint new counsel. The appeal is abated and remanded to the trial court for the appointment of appellate counsel for W.C. Following the appointment of new counsel, the trial court shall order the appropriate supplemental clerk's record to be prepared and forwarded to this Court **no later than December 23, 2019**.

In addition, the accelerated schedule requires greater compliance with briefing deadlines. Therefore, we order counsel for both appellants to file appellants' briefs no later than 20 days after the date of the trial court's order appointing new appellate counsel for W.C. If the briefs are not filed by that date, W.C.'s new counsel and Galvin may be required to show cause why they should not be held in contempt of court.

It is ordered on December 11, 2019.

Before Chief Justice Rose, Justices Baker and Triana

Abated and Remanded

Filed: December 11, 2019